IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

MICHAEL J. BOWEN,
    Plaintiff,

vs.

No. V-26-048
JURY DEMAND

LARRY SEIBERS in his individual capacity,
ANTHONY J. ANDERSON in his individual capacity,
SHERIFF STEVE LAWSON, in his individual capacity, and
BRADLEY COUNTY, TENENSSEE,
    Defendants.

---

## COMPLAINT

---

Comes the Plaintiff, by and through counsel, for his cause of action would state as follows:

### I. PARTIES

1. Plaintiff, Michael J. Bowen, is a citizen and resident of Bradley County, Tennessee residing at 2850 Pleasant Grove Place, Cleveland. Plaintiff designates his attorney as his agent for purposes of future process in this matter.

2. Defendants Larry Seibers and Anthony J. Anderson are believed to be a citizens and residents of Bradley County and were at all times material to the allegations in this Complaint, employed by the Bradley County Sheriff's Department. At all times relevant to the events at issue in this case, Defendants Seibers and Anderson were acting under color of law and within the scope of their employment with Bradley County. Both Defendants are sued in their individual capacity.

3. Defendant Steve Lawson was at all times material to the allegations in this Complaint, employed as the Bradley County Sheriff. As such, he was acting under color of law. At all times relevant to the events at issue in this case, Defendant Steve Lawson

1

promulgated rules, regulations, policies, and procedures at the Bradley County Sheriff's Office. Defendant Steve Lawson is responsible for supervising all staff and managing all operations at the Bradley County Sheriff's Office. He is sued in his individual and official capacities.

4. Defendant Bradley County, Tennessee is a political subdivision of the State of Tennessee operating the Bradley County Sheriff's Department which is responsible for the hiring, training, supervision, and discipline of the employees of the Bradley County Sheriff's Department.

5. Bradley County, Tennessee has established or delegated to Defendant Sheriff Lawson the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the Bradley County Sheriff's Department regarding treatment of inmates and the use of force as well as the responsibility for the hiring, training, supervision, and discipline of the deputies and jail personnel at the Bradley County Detention Facility.

## II. FACTS

6. Plaintiff was arrested on or about January 30, 2025, by Defendants.

7. Defendants responded to Plaintiff's residence in response to a report of an alleged domestic assault.

8. Plaintiff would show that he was seated on his couch inside his residence when Defendants entered the residence to obtain Plaintiff's statement regarding what had transpired between Plaintiff and his wife.

9. Plaintiff did not exhibit any aggressive behavior or make any threatening movements towards any of the Defendants.

10. Defendants advised Plaintiff that he was being placed under arrest and instructed

2

Case 1:26-cv-00049-TRM-CHS    Document 1-1    Filed 02/26/26    Page 2 of 19
PageID #: 5

to stand, extinguish his cigarette, and place his hands behind his back.

11. Plaintiff was in the process of peacefully complying with Defendants' instructions when suddenly, and without provocation or justifiable use of force, Plaintiff was tazed by the Defendants.

12. Plaintiff avers that neither of the Defendant officers attempted to stop the physical assault upon Plaintiff or to otherwise intervene to protect Plaintiff.

13. Defendants had no justification to seize Plaintiff.

14. Defendants had no justification to escalate the amount of force used against Plaintiff to the level of discharging their tazers.

15. The electric charge emitted from the Defendants' tazers caused Plaintiff to fall.

16. When Plaintiff fell, he suffered severe bodily injuries which have required medical treatment.

17. The actions of the Defendants, individually, jointly, and/or in concert with one another, were the direct and proximate cause of the serious physical injuries Plaintiff suffered.

18. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities.

19. Because of the unprovoked and unjustified use of excessive force by Defendants, Plaintiff's ability to perform and enjoy his usual activities, including family and work-related activities, has been impaired.

20. Plaintiff has suffered physical injury to his back and spine due to the

unreasonable and unnecessary force exerted upon him.

21. At no time during this encounter did Plaintiff threaten either Defendant officer, or anyone else, nor did he represent a danger to himself or others.

22. Plaintiff incorporates the foregoing factual allegations as additional and supplemental facts into each of the following paragraphs without restating the same *verbatim*.

### III. CAUSES OF ACTION

### COUNT I: Fourth Amendment, 42 U.S.C. §1983
### Excessive Force

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

24. Defendants Seibert and Anderson's actions violated Plaintiff's constitutional rights guaranteed to him by the Fourth Amendment of the United States Constitution.

25. Defendant Seibert and Anderson's actions were not taken in good faith and were in violation of clearly established law.

26. Defendants Seibert and Anderson subjected Plaintiff to excessive force when Defendants Seibert and Anderson unreasonably and unlawfully discharged their tazers causing Plaintiff to fall and suffer serious bodily injuries.

27. Defendants Seibert and Anderson had no lawful purpose to seize Plaintiff while Plaintiff was peacefully complying with Defendants' instructions.

28. Defendants Seibert and Anderson each intentionally used force against Plaintiff.

29. Defendants Seibert and Anderson's actions were unnecessary, unreasonable, unlawful and unjustified.

30. The force Defendants Seibert and Anderson used was unreasonable in light of the facts and circumstances.

31. Defendants Seibert and Anderson acted under color of state law when they used an unreasonable amount force against Plaintiff.

32. The actions of Defendants Seibert and Anderson described herein violate Plaintiff's rights to be free from unreasonable seizures guaranteed by the Fourth Amendment of the United States Constitution.

33. The actions of Defendants Seibert and Anderson were the direct and proximate cause of the violations of Plaintiff's constitutional rights and of the damages suffered by Plaintiff, including bodily injury, pain, suffering, emotional distress and anguish.

### COUNT II: Fourth Amendment, 42 U.S.C. §1983
### Failure of Bystander Officers To Intervene In Unconstitutional Conduct

34. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

35. As alleged in Counts I and II, Defendants Seibert and Anderson violated Plaintiff's constitutional rights.

36. Defendants Seibert and Anderson knew or should have known that they were about to violate Plaintiff's constitutional rights without a legitimate goal or justification through the use of excessive force by tasing Plaintiff.

37. Both Defendants Seibert and Anderson had a realistic opportunity and means to do something to prevent the use of excessive force and/or violations of Plaintiff's constitutional rights from occuring.

38. Both Defendants Seibert and Anderson were deliberately indifferent to Plaintiff's attack standing by, watching while Plaintiff was tased, without protecting Plaintiff.

5

39. Defendants Seibert and Anderson each failed to take reasonable steps to prevent harm from occurring to Plaintiff.

40. The failure of Defendants Seibert and Anderson to act caused Plaintiff to suffer harm.

41. As a direct and proximate result of the Defendants' unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, in an amount to be proved at trial.

### COUNT III: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Defendant Lawson, as the Sheriff and policy maker for Bradley County has a custom, pattern, practice, and/or procedure of inadequately training officers in arrests in domestic assaults.

44. The failure of Defendants Sheriff Lawson and the Bradley County Sheriff's Department to adequately train, supervise, and discipline Defendants Seibert and Anderson amounts to deliberate indifference to the rights of Plaintiff to be free from illegal seizure as guaranteed by the Constitution of the United States.

45. The failure of Defendants Sheriff Lawson and the Bradley County Sheriff's Department to adequately train, supervise, and discipline Defendants Seibert and Anderson amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force guaranteed under the Constitution of the United States.

46. As a result of this deliberate indifference to Plaintiff's rights, Plaintiff suffered personal injuries for which he is entitled to relief under 42 U.S.C. §1983, specifically Plaintiff

6

suffered a injuries to his back and spine which required surgery.

47. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights including but not limited to (a) the right not to be deprived of liberty without due process of law and (b) the right to be free from excessive use of force by persons acting under color of state law.

48. Plaintiff avers that requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to revise exiting policies or adopt new policies, including training curriculum and procedures, for officers on the Use of Force Continuum and protocol for seizing a person who is cooperating and attempting to comply with officers' commands will reduce if not prevent the likelihood of Plaintiff and other persons from having their Constitutional rights violated.

49. Plaintiff avers that the Defendants, individually and collectively, will continue to violate the Constitutional Rights of the citizens by unlawfully seizing persons and subjecting them to unreasonable, unprovoked and excessive force absent injunctive relief.

50. Plaintiff avers that the Defendants, individually and collectively, will continue to perpetuate the violations of the Constitutional Rights of the citizens absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to undertake additional training for employees on seizures of persons who are compliant with officers' commands.

51. Plaintiff avers that the Defendants, individually and collectively, will continue to perpetuate the violations of the Constitutional Rights of the citizens absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's

Department to undertake additional training for employees on the use of force and the need for intervention if an officer begins to physically assault a citizen who is complying or attempting to comply with reasonable commands during an arrest.

52. Plaintiff avers that the Defendants, individually and collectively, will continue to perpetuate the violations of the Constitutional Rights of the citizens absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to revise existing policies or to adopt new policies including a revised Use of Force Continuum, including discipling and/or terminating officers who violate the Use of Force Continuum and escalate to an unnecessary and unreasonable amount of force.

53. Plaintiff avers that the Defendants will continue to perpetuate the violations of the Constitutional Rights of the citizens of Tennessee absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to revise existing training curriculum or to adopt new training and proficiency measures to ensure that officers are knowledgeable of the legal requirements to seize individuals.

## COUNT IV: Tennessee Governmental Tort Liability Act
**Pursuant to *Tenn. Code Ann.* §29-20-101/Tennessee Common Law**

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

55. Each of the Defendants owed Plaintiff a duty to use due care at or about the time of the aforementioned incident.

56. Because of their negligence in inappropriately escalating the use of force and discharging their tazers, Defendants Seibert and Anderson breached their duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

57. None of the Defendants took steps to intervene to protect Plaintiff from the

violent assault.

58. Defendant Lawson as the Sheriff and policy maker for Bradley County has a custom, pattern or practice and/or procedure of inadequately training officers in arrests in domestic assaults.

59. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in the training of Defendants Seibert and Anderson and failed to train them on appropriate police-citizen interactions during arrests.

60. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in in the training of Defendants Seibert and Anderson to intervene when a fellow officer inappropriately escalates his or her use of force without just cause.

61. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in the training of Defendants Seibert and Anderson and failed to train them on the Use of Force Continuum. Specifically, Defendants Seibert and Anderson were not properly trained to utilize the least amount of force necessary before escalating to a more severe force.

62. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in the training of Defendants Seibert and Anderson and failed to train them on appropriate techniques to subdue an unarmed person who is not engaging in any aggressive behavior and is complying or attempting to comply with commands.

63. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in the training of Defendants Seibert and Anderson and failed to train them on proper techniques for when it is appropriate to seize an unarmed person who is not engaging in any aggressive behavior and is complying or attempting to comply with

commands.

64. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

### COUNT V: Tennessee Common Law
### (Assault & Battery)

65. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

66. Plaintiff alleges that the actions of Defendants constitute assault and battery which caused Plaintiff to suffer physical harm and injury, including emotional distress, for which Plaintiff is entitled to be compensated.

67. Plaintiff avers that the Defendants, specifically Defendants Seibert and Anderson, knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted him by forcefully seizing Plaintiff's arm and discharging their tazers causing Plaintiff to fall.

68. The intentional touching by Defendants Seibert and Anderson of Plaintiff's body was harmful and offensive and without Plaintiff's consent.

69. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered physical and emotional injuries for which he is entitled to relief.

### PRAYERS FOR RELIEF

WHEREFORE Plaintiff demands:

1. A trial by a JURY and that a judgment be entered against Defendants, jointly and severally, as follows:

1. Compensatory damages of at least Two Million Dollars ($2,000,000.00) or such other amount supported by the evidence at trial;

2. Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this Complaint;

3. Attorneys' fees and costs of suit as provided by 42 U.S.C. §1988;

4. Prospective and Injunctive relief to prevent future violations of Plaintiff's Constitutional civil rights and the rights of other citizens while in the custody of the Defendants.

5. Pre- and post-judgment interest at the legal rate; and

6. Any and all other and further relief as the Court deems appropriate.

**Respectfully submitted,**

**MICHAEL BOWEN, Plaintiff,
By his attorneys,**

CHANCEY - KANAVOS

BY: _____
H. FRANKLIN CHANCEY (BPR#013187)
121 Broad Street, SW
P.O. Box 42
Cleveland, TN 37364-0042
(423) 479-9186
franklin@cklplaw.com


## COST BOND

We, the undersigned Principal and Surety, bind ourselves for the costs of this cause which may at any time be adjudged against the Plaintiff.

<u>**MICHAEL BOWEN**</u>
PRINCIPAL

CHANCEY ~ KANAVOS, SURETY

By: _____
H. FRANKLIN CHANCEY

11

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS  Jury Demand

CIVIL ACTION NUMBER V-26-048

__Michael J. Bowen__ ) vs. __Larry Seibers, Anthony J. Anderson,__ )
_____ ) __Sheriff Steve Lawson, and__ )
_____ ) __Bradley County, Tennessee__ )

Plaintiff(s)                                   Defendant(s)

To the above-named defendant(s): __Larry Seibers__

You are hereby summoned and required to serve upon __H. Franklin Chancey__
plaintiff's attorney, whose address is __PO Box 42, Cleveland, TN 37364-0042__,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this ____ day of _____, 20____.

_____          _____
Clerk                                Deputy Clerk

## RETURN

I received this summons on the ____ day of _____, 20____.

I:
[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

Case 1:26-cv-00040 Document 1-1 Filed 05/06/26 Page 12 of 19 PageID #: 15

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS — Jury Demand

CIVIL ACTION NUMBER V-26-049

**Michael J. Bowen** (Plaintiff) vs. **Larry Seibers, Anthony J. Anderson, Sheriff Steve Lawson, and Bradley County, Tennessee** (Defendants)

To the above-named defendant(s): **Larry Seibers**

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is **H. Franklin Chancey, PO Box 42, Cleveland, TN 37364-0042**, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 27th day of January, 2026.

Gayla N Miller, Clerk
Danyal Grant, Deputy Clerk

## RETURN

I received this summons on the 30th day of January, 2026.

I:

[X] served this summons and a complaint on defendant **Larry Seibers** in the following manner: IN person to Sheriff Lawson at Bradley Co Sheriff Dept. 1/30/26

[ ] failed to serve this summons within 30 days after its issuance because: _____

FILED 2026 FEB -3 PM 2:29 GAYLA H. MILLER CIRCUIT COURT CLERK

Process Server: John Dailey Jr #825
423-506-3538

## NOTICE
### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

SUMMONS Jury Demand

CIVIL ACTION NUMBER V-26-048

Michael J. Bowen ) vs. Larry Selbers, Anthony J. Anderson, Sheriff Steve Lawson, and Bradley County Tennessee

Plaintiff(s) / Defendant(s)

To the above-named defendant(s): Anthony J. Anderson

You are hereby summoned and required to serve upon Hal Franklin Chancey plaintiff's attorney, whose address is PO Box 42, Cleveland, TN 37364-0042 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this ____ day of _____, 20____.

_____    _____
Clerk                          Deputy Clerk

## RETURN

I received this summons on the ____ day of _____, 20____.

I:
[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

Case 1:26-cv-00001-TRM-SKL Document 1-1 Filed 02/06/26 Page 14 of 19 PageID #: 17

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

**SUMMONS** Jury Demand

CIVIL ACTION NUMBER V-26-018

Michael J. Bowen ) vs. Larry Seibers, Anthony J. Anderson, Sheriff Steve Lawson, and Bradley County Tennessee

Plaintiff(s) — Defendant(s)

To the above-named defendant(s): Anthony J. Anderson

You are hereby summoned and required to serve upon Hal Franklin, Chancery, plaintiff's attorney, whose address is PO Box 42, Cleveland, TN 37364-0042 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 27th day of January, 2026.

Gayla H. Miller, Clerk
Damyal Grant, Deputy Clerk

## RETURN

I received this summons on the 28th day of January, 2026.

I:

[x] served this summons and a complaint on defendant Anthony Anderson in the following manner: In person to Sheriff Steve Lawson at Bradley Co. Sheriff dept. 1/28/26

[ ] failed to serve this summons within 30 days after its issuance because: ___

FILED 2026 FEB -3 PM 2:29
GAYLA H. MILLER CIRCUIT COURT CLERK

Process Server: John Dailey Jr. #825
423-506-2538

## NOTICE
**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS  Jury Demand

CIVIL ACTION NUMBER V-26-048

Michael J. Bowen  vs.  Larry Serbers Anthony J. Anderson Sheriff Steve Lawson and Bradley County Tennessee

Plaintiff(s) / Defendant(s)

To the above-named defendant(s): Sheriff Steve Lawson

You are hereby summoned and required to serve upon H. Franklin Chancey plaintiff's attorney, whose address is P/O Box 42, Cleveland TN 37364-0042 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this ____ day of _____, 20____.

_____  _____
Clerk                    Deputy Clerk

## RETURN

I received this summons on the ____ day of _____, 20____.

I:
[ ] served this summons and a complaint on defendant _____ in the following manner:

_____
_____
_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____
_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

SUMMONS **Jury Demand**

CIVIL ACTION NUMBER V-26-048

**Michael J. Bowen** vs. **Larry Sellers, Anthony J. Anderson, Sheriff Steve Lawson and Bradley County Tennessee**

Plaintiff(s) / Defendant(s)

To the above-named defendant(s): **Sheriff Steve Lawson**

You are hereby summoned and required to serve upon **H. Franklin Chancey** plaintiff's attorney, whose address is **P/O Box 42, Cleveland TN 37364-0042**, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this **27th** day of **January**, 20**26**.

_Gayla H. Miller_ Clerk

_Camyal Grant_ Deputy Clerk

## RETURN

I received this summons on the **30th** day of **January**, 20**26**.

I:

[X] served this summons and a complaint on defendant **Sheriff Steve Lawson** in the following manner: **In person to Sheriff Steve Lawson at Bradley Co. Sheriff office 1/30/26**

[ ] failed to serve this summons within 30 days after its issuance because: ___

Process Server _John Dailey Jr. #8265_
423-506-3538

**FILED 2026 FEB -3 PM 2:28 GAYLA H. MILLER CIRCUIT COURT CLERK**

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

SUMMONS  Jury Demand

CIVIL ACTION NUMBER V-26-048

Michael J. Bowen ) vs. Larry Scribers, Anthony J. Anderson, Sheriff Steve Lawson and Bradley County, Tennessee )

Plaintiff(s) / Defendant(s)

To the above-named defendant(s): Bradley County Tennessee

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is  H. Franklin Chancey, PO Box 42, Cleveland, TN 37364-0042 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _____ day of _____, 20____.

_____  _____
Clerk                              Deputy Clerk

## RETURN

I received this summons on the _____ day of _____, 20____.

I:
[ ] served this summons and a complaint on defendant _____ in the following manner:

_____
_____
_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____
_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

Case 1:25-cv-00049-TRM-SKL  Document 1-5  Filed 02/26/25  Page 18 of 19  PageID #: 21

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

SUMMONS — Jury Demand

CIVIL ACTION NUMBER: _____

Plaintiff(s): Michael J. Bowen

vs.

Defendant(s): Larry Seibers, Anthony J. Anderson, Sheriff Steve Lawson and Bradley County, Tennessee

To the above-named defendant(s): Bradley County Tennessee

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is H. Franklin Chancey, PO Box 42, Cleveland, TN 37364-0042, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 27th day of January, 2026.

Gayla H. Miller, Clerk

Daniyal Grant, Deputy Clerk

## RETURN

I received this summons on the 30th day of January, 2026.

I:

[X] served this summons and a complaint on defendant **Bradley County Government** in the following manner: In person to County attorney Crystal Freiburg at the Courthouse Annex on 01/30/26

[ ] failed to serve this summons within 30 days after its issuance because: _____

FILED 2026 FEB -3 PM 2:29 GAYLA H. MILLER CIRCUIT COURT CLERK

Process Server: John Dailey Jr # 8105  423-506-2138

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)